**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

| | | |
|---|---|---|
| AMY TRUSSEL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 126-261 |
| | * | |
| JONATHAN LIVEZEY, | * | |
| | * | |
| Defendant. | * | |

# O R D E R

Upon consideration of the record, the Court **FINDS** that because there is no subject-matter jurisdiction, this action shall be **REMANDED** to the Superior Court of Columbia County, Georgia, and this civil action shall be **CLOSED**.

## I. BACKGROUND

Plaintiff filed this action in the Superior Court of Columbia County, Georgia, and Defendant removed on October 28, 2026, asserting jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000. (Doc. 1.) Plaintiff alleges that Defendant's negligent, reckless, careless, and unlawful operation of his 2021 Jeep resulted in "Defendant's vehicle violently crash[ing] into the Plaintiff's wheelchair and knock[ing] it over, causing Plaintiff to spill out into the crosswalk." (See Compl., doc. 1-1, ¶ 6.) Plaintiff does not allege a sum certain in total damages in the Complaint, but

Plaintiff claims she has suffered "substantial injuries" and seeks damages for, among other things, medical and other necessary expenses, mental and physical pain and suffering, loss of capacity to labor, loss of capacity for the enjoyment of life, and personal inconvenience. (Id. ¶ 12.) To argue the amount in controversy threshold is satisfied, Defendant's Notice of Removal points to Plaintiff's demand letter seeking the insurance policy limits of $100,000 to settle the case, as well as Plaintiff's general allegations of substantial injuries resulting in a host of alleged past and future medical expenses, mental and physical pain, and other non-specific loss of earning capacity and enjoyment of life claims. (See doc. 1, at 3-4; doc. 1-1, at 6; doc. 1-7, at 2-3.)

On November 2, 2026, the Court ordered Defendant to provide sufficient evidence establishing the amount in controversy within fourteen days. (Doc. 10.) In response to the Show Cause Order, Defendant points not only to the original Notice of Removal and $100,000 demand letter, but also to medical records from the Augusta VA Medical Center generated immediately after the accident forming the basis of this lawsuit and an itemized bill for $7,568.00 from Lowcountry Orthopaedics & Sports Medicine. (See doc. 10 & attached Exs.) Relying on non-binding case law, (id. at 2-4), Defendant contends that consideration of the demand letter and the nature of Plaintiff's injuries support her assertion the amount in controversy exceeds $75,000.00. The Court disagrees.

## II. DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The Court construes the removal statute narrowly. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).

A removing defendant has the burden to establish federal jurisdiction. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). And the removing party must point to facts, not conclusory allegations, to meet its burden. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751.

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance

of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. Although a defendant need not "banish all uncertainty about" the amount in controversy, the Court requires a removing defendant to make "specific factual allegations establishing jurisdiction [that can be supported] . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka, 608 F.3d at 754; see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 913 (11th Cir. 2014) (explaining the "pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover" (citations, emphasis, and quotation omitted)). That is, the existence of jurisdiction should not be "divined by looking to the stars." Lowery, 483 F.3d at 1215.

An indeterminate claim for damages is not dispositive but should not be ignored by the Court. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010). Rather, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062 (footnote omitted). The Court's analysis is also guided by the following cautionary words from the Eleventh Circuit:

> Because jurisdiction cannot be conferred by consent, the district court should be leery of any stipulations the parties offer concerning the facts related to

> jurisdiction. Given that the parties share the goal of having this case decided in federal court, the district court should be especially mindful of its independent obligation to ensure that jurisdiction exists before federal judicial power is exercised over the merits of the case.

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1275 (11th Cir. 2000).

Here, Defendant has failed to meet his burden by a preponderance of the evidence to show that the amount in controversy exceeds $75,000. As explained above, Plaintiff does not allege a sum certain in total damages in the Complaint, instead seeking damages in an amount to be determined at trial for, among other things, medical and other necessary expenses, mental and physical pain and suffering, loss of capacity to labor, loss of capacity for the enjoyment of life, and personal inconvenience. (Id. ¶ 12.) Thus, it is not clear from the face of the Complaint that at the time of removal, the case met the jurisdictional amount in controversy requirement. Having considered Defendant's response to the Show Cause Order, the Court concludes none of his assertions push the case past the jurisdictional threshold. See Williams, 269 F.3d at 1319 (explaining "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed" if amount not facially apparent from the complaint).

First, vague descriptions of potential damages are not sufficient proof that Plaintiff's claims exceed the amount in controversy requirement. See Langford v. Dolgencorp, LLC, No. 125-272, 2025 WL 3515259, at *3 (S.D. Ga. Dec. 8, 2025) (explaining stipulations and requests for future damages, absent itemization or documentation in support, do not satisfy burden to prove amount in controversy), *adopted by* 2026 WL 27856 (S.D. Ga. Jan. 5, 2026). Defendant relies on the descriptive terms in Plaintiff's Complaint to support the claim of substantial damages, including that "Defendant's vehicle violently crashed into the Plaintiff's wheelchair and knocked it over, causing Plaintiff to spill out into the crosswalk," (doc. 1-1, ¶ 6), as well as Plaintiff's subjective reports of medical symptoms since the date of the accident, (doc. 11, at 4-5). However, Plaintiff's subjective description of the events in question does not quantify her injuries or damages flowing therefrom, and in fact differs in severity from the descriptions in medical records submitted with the response to the Show Cause Order.

The VA Medical Records from the date of the accident state Plaintiff "fell out of chair after being hit by a car," and reveal "[n]o acute fracture or dislocation" of Plaintiff's wrists or left foot and no "significant interval change as compared with the prior" spine MRI from 2023. (Doc. 11-2, at 4-9.) The impression from a CT scan of the abdomen/pelvis did not identify any injury

associated with the accident, (id. at 10-11), and a discharge summary from March 27, 2026, states Plaintiff was hit by a car and came out of her wheelchair but "was not injured." (Id. at 19.) She was helped back into her chair, x-rayed and assessed at the VA, and discharged in stable condition with "scrapes on her arms from car accident." (Id.)

The general request for future damages in the Complaint does not provide any detail or basis upon which the Court can make reasonable deductions, inferences, or other extrapolations that pushes the case past the jurisdictional threshold, and the VA medical records described above provide no evidence of what type of future medical treatment is needed or the relatedness of the subjective reports of medical symptoms to the accident at issue, let alone any basis for calculating what the future damages will be. See Pretka, 608 F.3d at 754; see also Williams, 269 F.3d at 1318, 1320 (rejecting contention that amount in controversy facially exceeded $75,000 where complaint alleged trip over curb caused permanent physical and mental injuries, substantial medical expenses, lost wages, diminished earning capacity - all of which would continue in future - and complaint contained demand for both compensatory and punitive damages in unspecified amounts). Stated otherwise, the VA records do not support additional damages beyond the amount of $7,568.00 mentioned in the demand later and documented in Exhibit C to the response to Show Cause Order (doc.

11-3) that would satisfy the $75,000 amount in controversy requirement. Likewise, Defendant's promise to obtain additional medical records is not persuasive because jurisdiction must exist at the time of removal; the possibility of future medical expenses is not determinative. Sinclair v. State Farm Mut. Auto. Ins., No. 2:11-CV-320, 2011 WL 2746823, at *2 (M.D. Fla. July 14, 2011) ("The argument that the expenses will include future medical expenses, past wage loss, future wage loss, and pain and suffering is also irrelevant to the inquiry of whether the amount in controversy was adequate at the time of removal.").

Second, Defendant seeks to rely on Plaintiff's offer to settle the case for $100,000 as evidence the amount in controversy requirement is satisfied. (Doc. 11-1.) A settlement offer can be relevant to the jurisdictional amount, but it is not necessarily determinative. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). However, as explained above, absent sufficient itemization or further documentation in support of the demand, the request for $100,000 for Plaintiff's personal injury claims is of little value to this Court's analysis because "jurisdiction cannot be conferred by consent." Morrison, 228 F.3d at 1275; see also Rembert v. Progressive Direct Ins., No. CV 2:21-00078-KD-N, 2021 WL 1895902, at *3-4 (S.D. Ala. Apr. 21, 2021) (explaining "[s]ettlement offers commonly reflect puffing and posturing," which are "entitled to little weight," but settlement offers

providing specific information supporting claim for damages more suggestive of reasonable assessment of claim value and entitled to more weight (citation omitted)), *adopted by* 2021 WL 1894140 (S.D. Ala. May 11, 2021). Considering the evidence of record, including the VA medical records described above, as well as the itemized bill from Lowcountry Orthopaedics & Sports Medicine referenced in the demand letter, and based on the Court's experience, the $100,000 settlement offer for the insurance policy limits is more posturing than a supportable assessment of the actual value of the case. See Roe, 613 F.3d at 1062.

In sum, the Court cannot conclude Defendant met his burden to show by a preponderance of the evidence the value of this case meets the $75,000 jurisdictional threshold. Indeed, this finding is in line with the conclusions of District Courts within the Eleventh Circuit.[1] See Pooser v. Wal-Mart Stores E., L.P., CV 124-114, 2024 WL 4536301, at *2-3 (S.D. Ga. Sept. 16, 2024) (finding no jurisdiction in slip and fall case with approximately $37,000 in medicals, general request for future medical expenses, pain and suffering and loss of consortium, and refusal to stipulate to amount of damages below removal threshold), *adopted by* 2024 WL 4535462 (S.D. Ga. Oct. 21, 2024); Williams v. Walmart Stores E.,

[1]To the extent Defendant cites non-binding cases within the Eleventh Circuit which have accepted demand letters supported by general descriptions of injuries as sufficient to satisfy the amount in controversy requirement, (doc. 11, at 2-4), the Court will follow its previous decisions on this issue, as detailed herein.

LP, CV 118-083, 2018 WL 3749470, at *2-3 (S.D. Ga. July 9, 2018) (finding no jurisdiction in slip and fall case with approximately $15,000 in medicals, pre-removal refusal by Plaintiff's counsel for stipulation of damages less than $75,000, and general request for future damages and ongoing pain and suffering damages), *adopted by* 2018 WL 3747454 (S.D. Ga. Aug. 7, 2018); Kenney v. Briggs & Stratton Corp., CV 116-113, 2016 WL 6650845, at *2-3 (S.D. Ga. Nov. 9, 2016) (finding no jurisdiction in pressure washer injury case with $36,000 in medicals, post-removal response to request for admission that damages exceed $75,000, and $100,000 settlement demand), *adopted by* 2016 WL 7131539 (S.D. Ga. Dec. 6, 2016); Cobb v. Sanders, CV 116-073, 2016 WL 4197595, at *3 (S.D. Ga. Aug. 9, 2016) (finding no jurisdiction in vehicle accident case with $31,000 in medicals, allegations of general damages, and demand letter for $225,000), *adopted by* 2016 WL 4582067 (S.D. Ga. Sept. 1, 2016); Arrington v. Wal-Mart Stores, Inc., No. 7:13-CV-154, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals and insufficient evidence to calculate future monetary losses); Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (finding no jurisdiction in slip-and-fall case with $45,000 in medicals, allegations of general damages, and a demand letter for $125,000); but see Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D.

Ga. Apr. 23, 2013) (finding jurisdiction in premises liability case with $13,000 in medicals and the possibility of two future surgeries).

**III. CONCLUSION**

For the foregoing reasons, Defendant has failed to show that the amount in controversy exceeds $75,000. Because there is no subject-matter jurisdiction, the Clerk is **DIRECTED** to **REMAND** this action to the Superior Court of Columbia County, Georgia, Civil Action Number 2026ECV1278, and **CLOSE** this civil action.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of November, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA